UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEPHEN E. KLAUSNER, ESQ., LLC
63 East High Street
P.O. Box 1012
Somerville, NJ 08876
(908)685-1552
SEK 8298
Attorneys for Plaintiff

| | |
|---|---|
| JAMES WILLIAMSON, | Civil Action No. 06-780 (MLC) |
| Plaintiff, | |
| vs. | COMPLAINT AND JURY DEMAND |
| RYKA, INC., THOMAS A. MARTUCCI and KATHERINE MARTUCCI, | |
| Defendants. | |

Plaintiff, James Williamson residing at 68 Vliet Drive, Belle Mead, Township of Hillsborough, County of Somerset, State of New Jersey 08502 by his attorney Stephen E. Klausner, Esq., complaining of the Defendants, Thomas A. Martucci and Katherine Martucci with a principle office located at 637 Prospect Street, Township of Lakewood, County of Ocean, State of New Jersey 08701, and RYKA, Inc. with its principle office located at 637 Prospect Street, Township of Lakewood, County of Ocean, State of New Jersey 08701, alleges as follows:

## FIRST COUNT

### JURISDICTION

1.  Plaintiff brings this action to recover unpaid compensation and other relief under the provisions of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§201-219; hereinafter the "Act" or the "FLSA"), and for a declaratory judgment under 29 U.S.C. §§2201 and

2202.

2.   Jurisdiction of this action is conferred upon this Court by Section 16(b) of the Act (29 U.S.C. §216(b)). Venue is also established pursuant to 28 U.S.C. §1391(b)

**PARTIES**

3.   Plaintiff is a resident of the District of New Jersey and was an employee of the Defendants during all relevant times hereto.

4.   The Plaintiff was an employee, at all relevant times, employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by Section 3(s) of the Act (29 U.S.C. §203(s)). Plaintiff was Vice President of sales for the Back-to-School Division of Ryka, Inc. Although Defendant's gave Plaintiff the title of Vice President, he had none of the indicia of management. He supervised no employees, had no power to set or change pricing and had no power to sign contracts or enter into binding orders. His job duties and responsibilities were to develop and market Defendant's back-to-School segment of Ryka's business.

5.   At all time material herein, the Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

6.   The Defendants are employers as defined by Section 3(d) of the Act (29 U.S.C. §203(d)). Upon information and belief, the Defendants, at all relevant times, have been aware of the provisions of the FLSA, as amended, 29 U.S.C. §§201, et seq.

7.   The Defendant Ryka, Inc. is an enterprises, as defined by Section 3(r) of the Act (29 U.S.C. §203(r)).

8.   Plaintiff was employed by Defendants Ryka pursuant to a

2

written contract of employment.

9. Plaintiff supplied work, labor and services from his home/office pursuant to a written employment contract with Ryka.

10. On or abut February 23, 2004, despite the fact that Plaintiff provided work, labor and services to Ryka, Inc., Defendant ceased paying Plaintiff his wages and commissions or other compensation for the work, labor and services that he provided in violation of the Fair Labor Standards Act 29 U.S.C. §206(a) and 29 U.S.C. §216 from February 23, 2004 until Defendant's terminated him on or about May 20, 2004.

11. Defendants Thomas A. Martucci and Katherine Martucci are being sued individually as they were the officers and/or directors and/or shareholders of Ryka, the corporate Defendant. Both Defendants were aware that Plaintiff had not been paid by the corporation that both owned and/or operated and/or controlled. Both had direct control, operation and supervision over the Defendant corporation that employed Plaintiff. Both were responsible in whole or in part for Plaintiff not being paid his wages when due and owing.

**PLAINTIFF'S ENTITLEMENTS TO PAY UNDER THE ACT**

12. Employees covered under the Act are entitled to at least minimum compensation as required by 29 U.S.C. §206(a).

13. The Plaintiff has during the applicable statutory time periods, performed work for which he has not been compensated as required by the Act.

14. The failure of Defendants to compensate Plaintiff at his regular rate for such hours worked is in violation of Section 6 of the

Act (29 U.S.C. §206(a)). Such violation is redressable by the Plaintiff as an affected employee under Section 16(b) of the Act (29 U.S.C. §216(b)).

15. Defendant, therefore, is liable to the Plaintiff herein in the amount of Plaintiff's unpaid compensation and an additional equal amount in liquidated damages, and for reasonable attorney's fees, together with costs and disbursement sin this action.

16. The employment and work records for Plaintiff is in the exclusive possession, custody and control of the Defendant, and Plaintiff is unable to state precisely, at this time, the exact amount owing to him. The Defendant is under a duty imposed by 29 U.S.C. §211(c) and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiff from which the amount of Defendants liability can be ascertained.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff herein requests from the Court the following relief:

A. Judgment declaring that the Defendants have willfully, recklessly, and wrongly violated their statutory and legal obligations, and deprived the Plaintiff of his rights, protections and entitlements under federal law, as alleged herein;

B. An Order for a complete and accurate accounting of all the compensation to which the Plaintiff is entitled;

C. Judgment against the Defendants awarding Plaintiff monetary damage in the form of back pay compensation, liquidated damages equal

to his unpaid compensation, or pre-judgment and post-judgment interest;

    D.    Reasonable attorney's fees; and

    E.    The costs and disbursements of this action together with such other and further relief as the Court deems proper.

### SECOND COUNT

1. Plaintiff repeats and realleges each allegation contained in the First Count hereof as if the same were fully and at length set forth.

2. This Court has supplemental jurisdiction pursuant to U.S.C. §1367, over Plaintiff's state claim.

3. Plaintiff was an employee of Defendants Thomas A. Martucci, Katherine Martucci and Ryka, Inc., as that term is defined in N.J.S.A. 34:11-4.1(b).

4. Defendants Thomas A. Martucci and Katherine Martucci and Ryka, Inc. are employers as that therm is defined in N.J.S.A. 34:11-4.1(b).

5. Defendants Thomas A. Martucci and Katherine Martucci are corporate officers and/or agents of Defendants Ryka, Inc. both of whom managed such corporation and who knowingly permitted such corporation to violate the provisions of N.J.S.A. 34:11-4.2 and 4.3.

6. Plaintiff supplied work, labor and services for Ryka, Inc.

7. From February 23, 2004 until May 20, 2004, despite the fact that Plaintiff provided work, labor and services to Thomas A. Martucci and Katherine Martucci and Ryka, Inc. Plaintiff received no wages, salary, commission or other compensation for the work, labor and

services that he provided in violation of N.J.S.A. 34:11-4.2 and 4.3.

8.  As a direct an proximate cause thereof Plaintiff has been damaged.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff herein requests from the Court the following relief:

A.  Judgment declaring that the Defendants have willfully, recklessly, and wrongly violated their statutory and legal obligations, and deprived the Plaintiff of his rights, protections and entitlements under New Jersey statutes, as alleged herein;

B.  An Order for a complete and accurate accounting of all the compensation to which Plaintiff is entitled;

C.  Judgment against the Defendants awarding Plaintiff monetary damage in the form of back pay compensation, pre-judgment and post-judgment interest;

D.  Reasonable attorney's fees; and

E.  The costs and disbursements of this action together with such other and further relief as the Court deems proper.

### THIRD COUNT

1.  Plaintiff repeats and realleges each allegation contained in the First and Second Counts as if the same were fully and at length set forth.

2.  On or about September 30, 2002, Plaintiff and Defendant Ryka entered into a written contact which fixed Plaintiff's base salary, commission, reimbursement of travel expenses, office expenses, and 401 K plan participation and extra compensation.

3. The contract had a yearly renewal provision that could be terminated by either signatory between March and July 1 of each year.

4. On or about July 24, 2003, Plaintiff and Defendant Ryka amended the contract by providing that:

> 2. **Responsibilities:** Jim Williamson will work exclusively for Ryka, Inc. as Vice president of Sales (Special Markets) to include Office Super Stores, selected retail accounts and the three (3) major accounts that will generate commission dollars to the "Pot" at a rate of 2% of net sales. These three major accounts will be:
>
>     Staples
>     Office Depot
>     Office Max
>
> You will earn 3% commission on all BJ's orders. Other accounts will be added as applicable. Jim will be responsible for the development and marketing of the Back-to-School segment in all areas and channels and all related products and will earn a net gross margin split.
>
> 3. **Net Gross Margin Dollars:** (margin dollars left after the following):
>
>     a. Cost of goods
>     b. Duty
>     c. Freight
>     d. Inspection fees
>     e. Packaging
>     f. Design work
>     g. L/C fees
>     h. Interest expense
>     i. Outbound freight
>     j. BTS rep commission
>     k. Carrying cost
>
> 4. **The Pot:** The Pot is described as Net Gross margin dollars plus commissions earned as stated in PP#2.
>
> 5. **The Split:** A. Based on the first $1,000,000.00 of net gross margin dollars, commissions earned will be split as follows:
>
>     1. First 20% of the "Pot" goes to Ryka, Inc.
>     2. Less expenses such as Trade Shows, Compensation, Travel Expenses.
>     3. 20% of the balance of such will got to Jim Williamson.

Second million of GMD and commission will be split 50% to Jim Williamson and 50% to Ryka, inc.

6. **Compensation:** Jim Williamson will receive $4,166.67 semi-monthly, plus he will be reimbursed $2,000.00 on expenses submitted. Ryka will pay his medical insurance and 50% of his dependants coverage. he will be eligible for 401K Program when applicable.

7. **Reconciliation:** By August 15th of each year, a reconciliation of the "Pot" will be completed and distribution made accordingly.

6. Plaintiff in good faith performed all of his developmental and marketing duties in a workmanlike manner.

7. Defendant, Ryka, Inc. breached the contract when it ceased paying Plaintiff his salary on or about February 23, 20004 until his contract was illegally terminated on or about May 20, 2004.

8. Defendant, Ryka. Inc. breached the contract when it failed to reimburse Plaintiff for his travel and office expenses from May 10, 2003 through May 24, 2004.

9. Defendant, Ryka, Inc. breached the contract by not paying Plaintiff his base wages until June 30, 2004 and by not paying Plaintiff commission for orders obtained by Plaintiff prior to the illegal termination of the contract.

10. Defendant Ryka, Inc. breached the contract with Plaintiff when it failed to pay him his commission for goods sold by Plaintiff.

11. Defendant Ryka, Inc. breached its contract with Plaintiff by failing to pay him the money due and owing to pay from the split of the "Pot" as defined by the contract.

12. As a direct an proximate cause thereof Plaintiff has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant Ryka, Inc. as follows:

A. All salary due and owing to Plaintiff between February 23, 2004 and June 30, 2004;

B. Reimbursement of all Plaintiff's travel and office expenses between May 10, 2003 and May 22, 2004;

C. Payment of all of Plaintiff's commissions for all orders obtained and approved by Defendant after a court ordered audit of Defendant's books and records;

D. Payment of all money due and owing to Plaintiff based upon the split of the "Pot" as defined in the contract after a court ordered audit of Defendant's books and records;

D. Reasonable attorney's fees; and

E. The costs and disbursements of this action together with such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

STEPHEN E. KLAUSNER, ESQ., LLC<br>
Attorney for Plaintiff<br><br>
By: _____<br>
Stephen E. Klausner<br>
SEK 8298

Dated:

**PLAINTIFF**

**CONSENT TO BECOME PARTY**

**TO FLSA ACTION**

The undersigned employee or former employee hereby gives his consent to become a party plaintiff in this Court action seeking unpaid compensation and other relief under the <u>Fair Labor Standards Act</u> in accordance with a confidential retainer agreement executed by the undersigned for such purposes.

Name: James M. Williamson

Home Address: 68 Vliet Drive, Hillsborough, NJ 08844

Employment Address: _____

Dated: 2/16/06  Signature: _____

James Williamson